ADELMAN
NANCY JOSEPH
U.S. MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED
2026 SEP 24 P 2:51
CLERK OF COURT

## EASTERN DISTRICT OF WISCONSIN

**PRENTIE SINCLAIR SANDERS**, Plaintiff,

26-C 1753

v.

**OARS PROGRAM (OPENING AVENUES TO REENTRY SUCCESS), WISCONSIN DEPARTMENT OF CORRECTIONS (DOC), WISCONSIN DEPARTMENT OF HEALTH SERVICES (DHS), CORY WILSON (Agent), and TAMIKA DENT (Manager)**, Defendants.

**Case No. ____________**

## CIVIL RIGHTS COMPLAINT FOR DAMAGES, NEGLIGENCE, UNLAWFUL HOUSING PLACEMENT, AND RETALIATORY TERMINATION OF SUPPORT SERVICES

### I. PARTIES

1. **Plaintiff:** Prentie Sinclair Sanders is an individual currently residing at 3238 W. Clybourn St., Milwaukee, Wisconsin 53208.

2. **Defendant OARS (Opening Avenues to Reentry Success):** A joint reentry initiative operated in partnership by the Wisconsin Department of Corrections (DOC) and the Wisconsin Department of Health Services (DHS).

3. **Defendant Wisconsin Department of Corrections (DOC) & Department of Health Services (DHS):** State agencies responsible for the administrative oversight, funding, and execution of the OARS program framework.

4. **Defendant Cory Wilson:** OARS program agent responsible for supervision support, mail handling, and housing placement.

5. **Defendant Tamika Dent:** OARS manager and supervisor responsible for administrative oversight, placement policies, and program operations.

### II. JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. Section 1983 and supplemental state tort jurisdiction to redress the deprivation of constitutional rights, systemic administrative negligence, reckless housing placements, and retaliatory deprivation of vital survival and support benefits.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(b) because all

defendants operate within this district, and all acts, omissions, and civil rights violations occurred within Milwaukee, Wisconsin.

## III. STATEMENT OF FACTS

1. **The Mandate of OARS:** The Opening Avenues to Reentry Success (OARS) program is specifically designed to stabilize high-risk individuals navigating the intersection of serious and persistent mental illness and justice involvement, with the central mission of providing safe and affordable housing, transportation assistance, counseling, and medical/appointment support as a necessary prerequisite for clinical stability.

2. **Prior Illegal Housing Placement at 2611 N. Teutonia Ave.:** Continuing their pattern of reckless and unlawful housing placements, Defendants placed Plaintiff into another substandard, messy, and unverified illegal property located at 2611 N. Teutonia Ave., Apt. 1, Milwaukee, WI 53206, where Plaintiff resided from September 2, 2025, until May 2026.

3. **Property Records and Illegal Operations at 2225 W. Burleigh St.:** Official City of Milwaukee Department of Neighborhood Services (DNS) property registration and assessment records for Taxkey #310-0863-000 establish that the premises located at 2225 W. Burleigh St., owned by Edgar E. Jiles, is classified under the City Assessor's data as a single-family residential structure, uninspected and unregistered as a legal, compliant multi-unit rooming house.

4. **The Hazard of Dennis Tillman and Resulting Homelessness:** Defendants placed Plaintiff directly alongside Dennis Tillman—an excessive drinker with a documented history of violence, threats, and false criminal accusations against residents. This negligent placement directly triggered a false accusation, a subsequent no-contact order restricting Plaintiff from the premises, and complete, catastrophic homelessness.

5. **Missed Critical Care & Complete Deprivation of Support Services:** Being entirely displaced and destabilized by the ongoing homelessness and housing crisis forced upon him by Defendants caused Plaintiff to miss essential doctor appointments, mental health sessions, and physical therapy treatments.

   Furthermore, upon forcing Plaintiff out, Defendants maliciously and abruptly **terminated all vital program support services**, including cutting off his rental assistance, canceling his transit/bus passes (requiring Plaintiff to pay out-of-pocket for basic mobility like reloading his WisGo card), canceling counseling services, and revoking scheduled rides to medical and legal appointments.

6. **Agent Inaction, Bad-Faith Coercion, and Program Exit (September 22, 2026):** Defendant Cory Wilson exhibited active hostility, profanity, and mail interference.

   Believing this aggressive pressure was intentionally coordinated to force a program exit so Plaintiff would be stripped of his standing and rights to challenge their unlawful practices, and facing total administrative failure, Plaintiff formally signed paperwork to exit the program with OARS Manager Tamika Dent on September 22, 2026, between 1:45 PM and 2:00 PM, immediately followed by the punitive severance of all transit, housing, and

counseling benefits.

## IV. CAUSES OF ACTION

**COUNT I: Violation of Civil Rights & Due Process (42 U.S.C. Section 1983)**

1. Plaintiff re-alleges all preceding paragraphs.

2. Defendants OARS, DOC, DHS, Cory Wilson, and Tamika Dent violated Plaintiff's federally protected civil rights by subjecting him to retaliatory coercion, deliberate placement in unlawful housing, and administrative bad faith.

**COUNT II: Administrative Negligence and Unlawful Housing Placements**

1. Plaintiff re-alleges all preceding paragraphs.

2. Defendants breached their legal and programmatic duty under the OARS framework by repeatedly placing a participant with severe mental health needs into unlicensed, non-compliant, and substandard residential properties (including 2611 N. Teutonia Ave. and 2225 W. Burleigh St.) that lacked proper licensure and basic habitability standards.

**COUNT III: Mail Interference, Retaliatory Harassment, and Punitive Cut-Off of Benefits**

1. Plaintiff re-alleges all preceding paragraphs.

2. Defendant Cory Wilson intentionally interfered with mail access and subjected Plaintiff to abusive conduct, culminating in the retaliatory, punitive termination of all essential program benefits—including rental assistance, transit/bus passes, counseling, and medical transportation—as retaliation for exposing program liability and asserting legal rights.

**COUNT IV: Intentional Infliction of Emotional Distress**

1. Plaintiff re-alleges all preceding paragraphs.

2. Defendants' reckless disregard for Plaintiff's physical and mental well-being directly caused severe psychological trauma, wrongful legal exposure, loss of liberty, missed medical and therapy treatment, mail tampering, abrupt cancellation of support services, and prolonged homelessness.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Prentie Sinclair Sanders respectfully requests that this Court enter judgment in his favor and against Defendants, awarding:

- **A.** Compensatory and punitive damages against all Defendants, jointly and severally, to cover out-of-pocket losses including emergency transportation costs (bus/WisGo reloads), housing displacement expenses, and medical setbacks;

- **B.** Declaratory relief declaring Defendants' housing placement, mail interference, and

retaliatory termination of supportive care unconstitutional and unlawful;

- **C.** Costs, fees, and any such further relief as this Court deems just and proper.

**Prentie Sinclair Sanders** (Pro Se) 3238 W. Clybourn St. Milwaukee, Wisconsin 53208